UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PINKARD,

        Plaintiff,

Case No. 1:22-cv-410

Hon. Hala Y. Jarbou

v.

MICHELLE BRAY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Christopher Pinkard (referred to as "plaintiff" or "Pinkard"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendant NP Michelle Bray's motion for summary judgment for failure to exhaust administrative remedies (ECF No. 19) and Pinkard's cross-motion for summary judgment (ECF No. 20).

    **I.**    **Pinkard's allegations**

The incident at issue occurred at the Ernest C. Brooks Correctional Facility (LRF). Pinkard alleged as follows. He is a severe asthmatic and suffers from a wool allergy that bothers him and triggers his asthma. Compl. (ECF No. 1, PageID.3). On January 10, 2022, Pinkard saw NP Bray, and produced medical records that he has asthma and is allergic to wool. *Id*. However, NP Bray disregarded the documents and refused to either issue Pinkard an inhaler or a special accommodation "to protect plaintiff from coming into contact with wool." *Id*. From January 10, 2022, through January 21, 2022, Pinkard "was forced to bunk in close proximity to wool via his cellmate and himself suffering breathing complications and chest pains and swelling of the eye's

1

[sic] without any relief." *Id*. The MDOC issued Pinkard an inhaler on January 21, 2022. *Id*. In this regard, Pinkard alleged that NP Bray delayed his medical treatment related to the inhaler for almost two weeks. *Id*. at PageID.3-4. In addition, from January 10, 202,2 through the time he filed this lawsuit, Pinkard "has been forced to bunk with wool and inhale wool" and "experience lack of sleep, tightening of the chest, reddinning [sic] of the eyes, asthma attacks continuously and non-stop pain due to defendant's failure to issue a special accommodation to protect plaintiff from coming into contact with wool." *Id*. at PageID.4. Pinkard contends that NP Bray's actions were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Id*. Pinkard seeks $200,000.00 of compensatory damages and $100,000.00 of punitive damages. *Id*. at PageID.5.

## II.     Legal standard

### A.     Summary judgment

Defendant NP Bray has moved for summary judgment for lack of exhaustion (ECF No. 19) and Pinkard has filed a cross-motion for summary judgment (ECF No. 20). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    Lack of Exhaustion

#### 1.    Exhaustion requirement

NP Bray contends that Pinkard failed to exhaust his claims against her. The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ Q. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ Q and S. The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

### III.    Discussion

In addressing Pinkard's grievances, the Court is aware that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued" and that "the grievance is not a summons and complaint that initiates adversarial litigation". *Jones*, 549 U.S. at 219, quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004).  For purposes of exhaustion, a prison official is not "alerted" to the "problem" being grieved unless the prisoner complies with the requirements of PD 03.02.130, which requires the prisoner to list the "[d]ates, times, places and names of all those involved in the issue being grieved."

Defendant has identified one grievance which Pinkard exhausted prior to filing this lawsuit, LRF-22-02-0201-12F1 ("201").  *See* Defendant's Brief (ECF No. 19, PageID.96); MDOC Prisoner Step III Grievance Report (ECF No. 19-1, PageID.102); Grievance 201 (ECF No. 19-1, PageID.103-108).  This grievance involves an incident date of January 31, 2022, and is directed at Officer Woods and an unidentified nurse distributing medication, stating that Pinkard was denied seizure medication.  Grievance 201 at PageID.106.  This grievance does not name NP Bray and does not address the January 10, 2022 incident alleged in this lawsuit.  In summary, Pinkard's grievance record does not establish that he properly exhausted a grievance with respect to his claims alleged in this lawsuit.

In lieu of filing a response, Pinkard filed his own motion for summary judgment. Contrary to W.D. Mich. LCivR 7.1(a), Pinkard did not file a supporting brief.[1]  Rather, the motion

---

[1] W.D. Mich. LCivR 7.1(a) provides that,

"All motions, except those made orally during a hearing or trial, shall be accompanied by a supporting brief. Any party opposing a written motion shall do so by filing and serving a brief conforming to these rules. All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other

5

appears to be a response to NP Bray's motion for summary judgment: Pickard states that he exhausted his administrative remedies; attached copies of grievances to demonstrate exhaustion; makes statements and arguments regarding the merits of his claim; and then asks for summary judgment in excess of $300,000.00.

With respect to exhaustion, Pinkard attached a copy of Grievance LRF-22-02-0315-17I ("315"). This grievance involved an interaction with PC Short on February 16, 2022. Grievance 315 (ECF No. 20-1, PageID.126). During this interaction, Pinkard stated

> The wool makes me have breathing difficulties which I explained to MD [sic] Michelle Bray. I was denied a cotton blanket because she claimed there was no record of it. I had to beg for albuterol for my asthma which I had since a child which MD [sic] Michelle Bray claim [sic] she had no record of. I produced my records, however I was still denied by MD [sic] Michelle Bray. I'm having breathing issues because of the wool being in my room on top of the fact I have asthma.

Grievance 315 at PageID.126.

In the Step I response, the MDOC noted that Pinkard was evaluated by a medical provider on January 10, 2022, and documentation indicated that he was directed to contact health services with any respiratory distress. *Id*. at PageID.128. A chart review was completed on January 21, 2022, and medications ordered. *Id*. The response further stated that, "[t]he grievant has a documented wool allergy, however the detail for an extra sheet was discontinued on 3/29/21." *Id*. The grievance was denied at Step II on April 15, 2022. *Id*. at PageID.131. At that time, the respondents again reviewed NP Bray's evaluation back on January 10, 2022. *Id*. While Pinkard received the Step II response on April 21, 2022, there is no evidence that he filed a Step III appeal in Grievance 315. *Id*. at PageID.130-132. The Court notes that Pinkard included a Step III from

---

authorities upon which the party relies. References to the record shall comply with LCivR 10.9. Briefs shall not be submitted in the form of a letter to the judge."

an unrelated grievance, LRF-22-02-0202-28c ("202") (ECF No. 20-1, PageID.133) which was dated July 21, 2022 (more than two months after Pinkard filed this lawsuit). In short, Pinkard has not presented any evidence that he properly exhausted Grievance 315 through Step III.[2]

Based on this record, Pinkard did not properly exhaust any grievances to support his claim against NP Bray. *Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendant Bray's motion for summary judgment should be granted.

### IV. Recommendation

For these reasons, I respectfully recommend that defendant NP Michelle Bray's motion for summary judgment on the basis of exhaustion (ECF No. 19) be **GRANTED**, that plaintiff Christopher Pinkard's motion for summary judgment (ECF No. 20) be **DENIED**, and that this action be terminated.

Dated: January 17, 2023      /s/ Ray Kent
                             RAY KENT
                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[2] The Court notes that even if Pinkard had exhausted Grievance 315, this grievance did not properly exhaust his claim against NP Bray. Pinkard directed grievance 315 against PC Short for actions which occurred more than a month after the alleged incident with NP Bray.