UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PINKARD,

    Plaintiff,

v.

    Case No. 1:22-cv-410

    Hon. Hala Y. Jarbou

MICHELLE BRAY,

    Defendant.
_____/

## ORDER

On January 17, 2023, the magistrate judge issued a Report and Recommendation (R&R) (ECF No. 26), recommending that the Court grant Defendant's motion for summary judgment regarding Plaintiff's failure to exhaust his administrative remedies, and deny Plaintiff's motion for summary judgment on the same issue. Before the Court are Plaintiff's objections to the R&R (ECF No. 27).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge concluded that Defendant was entitled to summary judgment because Plaintiff had failed to exhaust his available administrative remedies before filing suit. Plaintiff exhausted one grievance through all three steps of the grievance process, but that grievance does not relate to the allegations of his complaint. (*See* R&R 5.)

Plaintiff did file a grievance related to the claim against Defendant Bray, i.e., Grievance LRF-22-02-0315-17I ("Grievance 315"), but the magistrate judge concluded that "there is no evidence that [Plaintiff] filed a Step III appeal in Grievance 315." (*Id.* at 6.) Plaintiff now asks the Court to consider the evidence that he presented in support of exhaustion. Plaintiff apparently relies upon a grievance appeal form that contains completed sections for the "Step II - Reason for Appeal" and the "Step III Reason for Appeal." (Grievance Form, Ex. F, ECF No. 27-6, PageID.180.) The top of the form has the same grievance number as Grievance 315, but part of that number is crossed out. This form is not dated or signed and Plaintiff has provided no evidence that he submitted it to prison staff. Thus, the form alone does not establish that Plaintiff exhausted his remedies.

Furthermore, Plaintiff's arguments establish that this form did not properly exhaust his remedies. Plaintiff contends that he received a response to his Step III grievance appeal form that is identical to a response that he received to a different grievance appeal. (Pl.'s Objs., ECF No. 27, PageID.170.) But if that is the case, then Plaintiff did not satisfy the exhaustion requirement because he filed suit before the appeal process was complete. The Step III grievance appeal response is dated July 21, 2022. (Step III Grievance Response Form, ECF No. 27, PageID.181.) Plaintiff filed his complaint on May 6, 2022. Prisoners cannot file suit before completing the grievance process. *See Poor v. Grayson*, 46 F. App'x 825, 827 (6th Cir. 2002) (affirming dismissal where prisoner did not properly exhaust because he filed suit before the time had passed for receiving a response to a Step III appeal). Thus, the magistrate judge correctly determined that Defendant is entitled to summary judgment.

Plaintiff also alludes to forgery of documents by the Michigan Department of Corrections, but he does not explain how that forgery would change the result in this case.

Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 27) to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 26) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 20) is **DENIED**.

The Court will enter a judgment consistent with this Order.

Dated: February 14, 2023         /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE